WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

September 25, 2026

**Stephen J. Barrett**
212.915.5479 (direct)
Stephen.Barrett@wilsonelser.com

**VIA ECF**
Honorable George C. Hanks, Jr.
United States District Court
Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002

Re: **Naked Wax Bar, LLC v. NKMD Mgmt, LLC, et al; 4:25-cv-05089**
**Opposition to Plaintiff's Request for Conference re; Motion for Leave to File a "Supplemental Complaint"**

Dear Judge Hanks:

Defendants NKMD Mgmt, LLC, NakedMD, Inc., NakedMD Texas, P.A., and Justin Ha respectfully submit this response to Plaintiff's November 24, 2026 letter requesting a pre-motion conference and, in substance, leave to file a new pleading adding a cancellation claim against U.S. Registration No. 6,041,959. The request should be denied without a conference because the governing Rule 16 standard is not met; alternatively, the Court should require formal briefing directed to Rule 16(b)(4), Rule 15(d), and the resulting expert-discovery prejudice before allowing any new pleading.

Plaintiff's label does not control the analysis. The proposed "Supplemental Complaint" would add a new Count VIII against NKMD Mgmt, LLC seeking cancellation or register rectification under 15 U.S.C. § 1119 and §§ 1064(3), 1065, and 1127, based on abandonment and alleged fraud concerning the '959 Registration. That is a substantive amendment of the pleadings.

**The controlling standard is Rule 16(b), not Rule 15(a)'s liberal standard.** The Court's Scheduling Order set February 4, 2026 as the deadline for motions to amend the pleadings; it also set expert-report deadlines of June 5, 2026 for Plaintiff and July 6, 2026 for Defendants. *See* Dkt. No. 32. Plaintiff's November 24 request comes more than nine months after the amendment deadline and after the expert-report period closed. Under *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003), Rule 16(b) governs pleading amendments after the scheduling-order deadline has expired, and Rule 15(a) is reached only if the movant first shows good cause to modify the scheduling order. The Fifth Circuit applies four factors: (1) the explanation for missing the deadline; (2) the amendment's importance; (3) prejudice; and (4) whether a continuance can cure the prejudice. *Id.* at 536; *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 15(d) does not avoid this threshold requirement; the Fifth Circuit treats supplementation as discretionary and guided by the same

delay, prejudice, and futility considerations. *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1193–94 (5th Cir. 1982), vacated on other grounds, 460 U.S. 1007 (1983).

**Plaintiff has not shown diligence or good cause.** Plaintiff's proposed Count VIII is not limited to the October 27, 2026 USPTO filing. It rests principally on alleged nonuse, alleged lack of intent to resume, alleged assignment defects, alleged use of a "Signature Peel" service rather than goods, and alleged 2026 relaunch facts. Plaintiff already pleaded abandonment of the '959 Registration and an assignment-in-gross theory in its July 28, 2026 answer to Defendants' counterclaim, expressly stating that it reserved the right to seek cancellation. *See* Dkt. No. 54. Plaintiff's own letter states that Defendants served amended discovery responses on August 21, 2026, identifying the supposed nonuse facts Plaintiff now uses as the backbone of the proposed cancellation count. Yet Plaintiff waited over three months—until November 24 to seek leave—and tries to treat the October 27 USPTO filing as a basis to reopen an amendment deadline that expired on February 4. *S&W* rejects that approach: where the same facts were known earlier and the movant fails to explain why it did not plead the theory before the deadline, Rule 16 good cause is absent. 315 F.3d at 536.

**The proposed amendment would materially prejudice Defendants.** Plaintiff seeks to challenge a registration that Defendants pleaded as part of their defenses and counterclaims, and it now seeks affirmative cancellation based on abandonment, fraud, materiality, intent, USPTO prosecution practice, the distinction between goods and services, and alleged post-suit use. Defending those new affirmative claims would require Defendants to, among other things, reassess whether additional expert testimony is necessary on trademark use, marketplace goods-versus-services issues, USPTO maintenance and incontestability practice, and the alleged materiality and intent elements of Plaintiff's fraud theory. Plaintiff delayed until after expert reports closed, then offered to keep all deadlines unchanged. That proposal does not eliminate prejudice; it locks Defendants into a closed expert schedule while adding a claim that could require new expert opinions, rebuttal analysis, and discovery. The Fifth Circuit recognizes this type of prejudice: a late amendment that requires additional discovery or new expert work disrupts the schedule and the opponent's preparation, and a continuance does not necessarily cure the prejudice because it imposes additional expense and delay. *Geiserman v. MacDonald*, 893 F.2d 787, 791–92 (5th Cir. 1990); *Fahim*, 551 F.3d at 348; *S&W*, 315 F.3d at 536.

**The amendment is not important enough to justify disrupting the case schedule.** Plaintiff already put the '959 Registration at issue as an affirmative defense to Defendants' counterclaim, including abandonment and assignment-in-gross theories. Plaintiff can argue, as a defense to Defendants' theories, that the registration does not confer the rights Defendants assert. What Plaintiff seeks now is not necessary to preserve a defensive issue; it is a new affirmative cancellation count and an additional fraud theory based on a USPTO declaration that Plaintiff itself alleges has not been accepted or acknowledged. *See* Dkt. No. 64-1 at ¶ 173. The limited incremental benefit of adding that count now does not outweigh the prejudice and schedule disruption. *See S&W*, 315 F.3d at 536–37; *Chemetron*, 682 F.2d at 1194.

**Even under Rule 15, the same considerations warrant denial.** Rule 15(d) is permissive; it does not entitle Plaintiff to inject a new claim simply because some alleged facts postdate the original complaint. The Fifth Circuit permits denial where supplementation would unduly delay the action, prejudice the opposing party, or add a claim that could have been pursued earlier. *See Chemetron*, 682 F.2d at 1193–94. The Court's preliminary-injunction order has already focused the case by identifying the present record's weaknesses in Plaintiff's infringement showing,

including the weakness of Plaintiff's mark given substantial third-party NAKED use, scant evidence of actual confusion, and no evidence of bad faith by NakedMD. Plaintiff's new pleading would push the case into a collateral registration-maintenance dispute just as the parties should be preparing to finalize the record and proceed to dispositive motion practice and trial on the existing claims and defenses. Rule 16 exists to prevent exactly that kind of late expansion.

**If permitted, the new pleading is subject to immediate dismissal under Rules 9 and 12**. Should the amended pleading be allowed, Defendants intend to move for immediate dismissal. Plaintiff's proposed fraud theory would have to satisfy Rule 9(b), including particularized facts supporting a false material statement and intent to deceive. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 565–66 (5th Cir. 2002). It cannot do so. The Section 8 declaration language Plaintiff references is prefaced by the phrase "Unless the owner has specifically claimed excusable nonuse," and the declaration states present use unless excusable nonuse is claimed. Under U.S. law, there is no general duty to disclose prior, temporary nonuse in a Section 8 affidavit if the mark is actually in use at the time of filing; rather, one need only truthfully state the factual status of the mark and, if it is currently not in use, explain the nonuse under the "excusable nonuse" rules. Here, the mark was in use at the time of the filing. Prosecution counsel also specifically asked which goods were not in use and deleted goods identified by the client, including lip cream and lip gloss. *See* Dkt. No. 64-1 at ¶ 166. Those facts defeat any plausible inference that NKMD Mgmt knowingly filed a false use declaration or intended to deceive the USPTO. *Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993), requires clear and convincing proof of false statements made with intent to deceive the registration authorities; conclusory intent allegations are not enough under *Herrmann*.

Nor does Plaintiff's Section 15 theory cure the problem. At the time of the filing, no petition to cancel the '959 Registration had been filed; Plaintiff's proposed cancellation claim came later (just yesterday). At minimum, that chronology shows a good-faith, nonfraudulent basis for the declaration and forecloses a plausible fraud claim. Plaintiff's abandonment theory fares no better at the pleading stage because the proposed complaint treats alleged prior nonuse and resumed 2026 use as fraud *per se*. The Fifth Circuit has held that abandonment requires discontinued use plus intent not to resume, and that even minor good-faith use may defeat abandonment; sales are not the *sine qua non* of trademark use. *Perry v. H.J. Heinz Brands*, 994 F.3d 466, 476 (5th Cir. 2021); *Blue Bell, Inc. v. Farah Manufacturing Co.*, 508 F.2d 1260, 1267 (5th Cir. 1975). Because the proposed pleading relies on speculation that use was merely defensive (in contradiction to the actual discovery record) and on a misreading of the USPTO declaration, the claim would at minimum invite an immediate Rule 12(b)(6)/Rule 9(b) motion. That futility is an independent reason to deny leave. *See City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).

For these reasons, Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference and deny leave to file the proposed supplemental complaint. If the Court is inclined to entertain the request, Defendants ask that Plaintiff be required to file a formal motion addressing Rule 16(b)(4), and that Defendants be permitted to respond before any pleading is allowed.

We thank the Court for its attention to this matter.

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP



Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Stephen J. Barrett